# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 29, 2010

Lyle W. Cayce
Clerk

No. 10-20256
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAVID ZAVALA, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CR-543-3

Before DAVIS, SMITH and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

David Zavala, Jr., was convicted of one charge of conspiracy to commit robbery and was sentenced to serve 46 months in prison and a three-year term of supervised release. In this appeal, he challenges his sentence, arguing that the district court erred by determining that he constructively possessed a firearm during the offense and imposing a corresponding sentencing adjustment.

When analyzing such challenges, *Gall v. United States*, 552 U.S. 38, 51 (2007), instructs us to determine whether the sentence imposed is procedurally

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sound, including whether the calculation of the advisory guidelines range is correct. We review the district court's interpretation and application of the Sentencing Guidelines de novo and its findings of fact for clear error. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Our analysis shows no procedural error in connection with Zavala's sentence. Insofar as he argues that the adjustment was improper because the firearm was possessed by a cooperating individual, this argument is refuted by the record, which shows another individual also possessed it. To the extent he contends that he could not have reasonably foreseen the use of a firearm during the robbery, this assertion is undermined by those portions of the record showing that the conspirators held a meeting and discussed using a firearm to rob an armored truck. Additionally, these parts of the record show that the district court's conclusion regarding Zavala's constructive possession of the firearm is plausible and thus is not clearly erroneous. *See Cisneros-Gutierrez*, 517 F.3d at 764.

AFFIRMED.